ALTENBERND, Judge.
Pamela Ann and Jason Brotheridge appeal a judgment of foreclosure entered as a result of a motion for summary judgment. We conclude the record did not demonstrate that GRP Loan, LLC, was entitled to foreclose on the property under a theory of equitable subrogation when the trial court granted its motion for summary judgment. There were significant irregularities in the closing of the loan at issue, as well as in the execution of the loan documents, and the evidence before the trial court failed to demonstrate the nonexistence of a genuine issue of material fact. Therefore, the entry of summary judgment was improper and we reverse.
The Brotheridges are married and own a home in Cape Coral, Florida. In 1995, the home was encumbered by at least two notes and mortgages. The larger note with Centex Mortgage allegedly had an outstanding indebtedness of approximately $208,000. The smaller note, obtained to repair hurricane damage to the home, was a U.S. Small Business Administration loan for $70,000, allegedly with an interest rate *255 of only 3.3 percent. Mrs. Brotheridge operated a pet store that was struggling and needed capital to keep the business open. She hoped to obtain that capital by refinancing the couple’s home.
Pablo Samsing, a mortgage broker with Prime Time Mortgage, contacted Mrs. Brotheridge over the telephone. He led her to believe that she could refinance the home at an interest rate of 8.9 percent and obtain approximately $50,000 to use in her business. Prime Time Mortgage apparently applied for the financing with Option One Mortgage Corporation. Various documents that were part of that application contain what, at this point in the litigation, must be assumed to be the forged signatures of Mr. Brotheridge.
On the day of the closing, a notary public, Maureen Calderone, came to the Brotheridges’ home. At that time, Mrs. Brotheridge first learned that the note would bear an interest rate of 12.45 percent. It is undisputed that Mrs. Brother-idge signed the note and mortgage at that time, borrowing approximately $325,000.
The note and mortgage also contain the purported signature of Mr. Brotheridge, allegedly witnessed by Mrs. Calderone’s husband, Kevin J. Calderone. Mrs. Cal-derone, as a notary, signed the documents, claiming that she identified Mr. Brother-idge from his Florida driver’s license. It is undisputed that he has a Canadian driver’s license. Mrs. Brotheridge denies that Mr. Brotheridge or Mr. Calderone were present at the closing. Expert testimony currently establishes that the signature of Mr. Brotheridge on these documents is a forgery. Thus, at summary judgment, the trial court was required to assume that Mr. Brotheridge had not signed the documents or otherwise been involved in this loan transaction.
Mrs. Brotheridge has never paid anything on this obligation and, with the assistance of counsel, has tried to rescind the loan. In all probability, the obligation is now far larger than the value of the home. The fact that she has lived in the home for several years without making any arrangements to pay this obligation clearly troubled the trial court.
At some point Option One assigned its rights to GRP Loan, LLC. It then moved for summary judgment in this case, maintaining that it was at least entitled to recover the amount of $278,728.47 that allegedly was applied to pay off the two prior mortgages. Significantly, it relied exclusively on dollar amounts described in the settlement statement at the closing to establish its right to foreclose. The trial court granted that summary judgment, reserving the Brotheridges’ right to proceed on their counterclaims. Thereafter, without resolving the counterclaims, it entered the final judgment of foreclosure that is now pending on appeal.
There admittedly is some authority for the theory that a lender can obtain an equitable lien by virtue of equitable subro-gation, not on its own loan documents but based on earlier loans that were paid off in refinancing. See Palm Beach Sav. & Loan Ass’n, F.S.A. v. Fishbein, 619 So.2d 267 (Fla.1993); Suntrust Bank v. Riverside Nat’l Bank of Fla., 792 So.2d 1222 (Fla. 4th DCA 2001). We note, however, that in Fishbein, the earlier notes and mortgages had been executed by both the husband and wife and that it was the husband who had forged his wife’s signature on the documents for the new loan. 619 So.2d at 268. Suntrust Bank involved a situation in which a bank lost its priority inadvertently. 792 So.2d at 1223. Thus, these cases are not factually similar to this case. This ease may involve misconduct by a mortgage broker and a notary. From the record, it is not clear whether their possible misconduct can or should be *256 attributed to Option One and GRP Loan, LLC.
Given the major irregularities at the closing, however, we are unwilling to assume that the settlement statement at that closing is dispositive of this foreclosure. GRP Loan, LLC, did not place any notes or mortgages from Centex Mortgage or the U.S. Small Business Administration in the record. There is no proof that those notes and mortgages were satisfied after the closing. In fact, the only indication that they may have been satisfied by this transaction is a reference to them in the settlement statement. We conclude that the trial court erred in accepting the reference in the settlement statement as proof of what the lender actually did with the proceeds of this loan after closing with Mrs. Brotheridge. There is also nothing to indicate that Mr. Brotheridge ever executed those earlier loan documents; thus, he is suffering a foreclosure of his homestead with no proof that he signed or agreed to the loan. We agree with the Brotheridges that factual issues as to the foreclosure and their counterclaims exist that should be resolved before them home goes to a forced sale.
Even assuming that the earlier notes and mortgages were properly executed by the husband and wife and were satisfied by virtue of this new loan, we question whether an equitable lien under a theory of equitable subrogation should give GRP Loan, LLC, the right to immediate foreclosure under these circumstances. GRP Loan, LLC, had no rights under those earlier documents until the trial court gave it equitable rights. At that point, GRP Loan, LLC, may have received the equitable right to obtain future payments from the Brotheridges under the terms of those earlier loans, which were more favorable to the Brotheridges. However, nothing in this record suggests the Brotheridges were ever extended the opportunity to make payments on those notes to GRP Loan, LLC. Without proof of any default on those earlier notes and being, at worst, in default on forged notes, we are not entirely convinced that this record at summary judgment entitled GRP Loan, LLC, to receive an immediate equitable right to foreclose on this property and, in particular, on Mr. Brotheridge’s homestead.
Reversed and remanded.
DAVIS, J., and WILLIAMS, CHARLES E., Associate Judge, Concur.