NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ZDZISLAW JESSE ROZANSKI,                    )
                                            )
            Appellant,                      )
                                            )
v.                                          )          Case No. 2D16-3800
                                            )
WELLS FARGO BANK, N.A., and HALINA          )
KWIATKOWSKI,                                )
                                            )
            Appellees.                      )
_____)

Opinion filed June 22, 2018.

Appeal from the Circuit Court for Pinellas
County; Marion L. Fleming, Judge.

Alexander Allred of Castle Law Group,
P.A., Largo, for Appellant.

Martin S. Awerbach and Michael A. Cohn
of Awerbach | Cohn, Clearwater, for
Appellee Wells Fargo Bank, N.A.

No appearance for remaining Appellee.


MORRIS, Judge.

        Zdzislaw Rozanski appeals a partial summary judgment entered in favor

of Wells Fargo Bank, N.A., imposing and foreclosing an equitable lien against

Rozanski's real property.  Rozanski argues that the trial court erred in allowing Wells

Fargo to foreclose on the equitable lien because Wells Fargo did not show that Rozanski was in default on the loan from which the lien arose. We agree and reverse the decision of the trial court on the issue of foreclosure.

I. Facts

In 2002 Rozanski purchased the property that is the subject of this case. That same year, he married Halina Kwiatkowski. In 2003 he executed a note with Wells Fargo in the amount of $273,000, which was secured by a mortgage on the property. Both the mortgage and the note were in his name alone.

In 2007 Kwiatkowski filed for divorce from Rozanski. A final judgment of dissolution was entered in 2008, pursuant to a marital settlement agreement, granting Kwiatkowski sole possession of the property, and a quit claim deed was executed in her favor. Also in 2008, Kwiatkowksi refinanced the property through a loan with Wells Fargo in the amount of $370,000, which was secured by a mortgage. A portion of this money was used to pay off the balance of Rozanski's mortgage, $321,042, and Wells Fargo issued a release of Rozanski's mortgage.

In 2012 Wells Fargo filed a complaint for mortgage foreclosure against Kwiatkowski. In 2014 Wells Fargo added Rozanski as a defendant. He answered, alleging that the quit claim deed conveying ownership to Kwiatkowksi was a forgery. In the dissolution case, Rozanski obtained a judgment setting aside the final judgment of dissolution based on fraud upon the court. In the meantime, Wells Fargo amended its complaint to allege a count to impose and foreclose an equitable lien against Rozanski's property, "under principles of subrogation," in the amount of the payoff of Rozanski's mortgage. In response to the final judgment setting aside the dissolution of marriage,

- 2 -

Wells Fargo filed a motion for summary judgment, proceeding solely on its count to impose and foreclose an equitable lien.

After a hearing, the trial court granted Wells Fargo's motion and entered a final judgment imposing and foreclosing an equitable lien. The trial court ruled that Wells Fargo "is entitled to impose and foreclose the Equitable Lien against the Property in the Prior Mortgage Payoff amount of $321,042.02, based upon subrogation," citing Tribeca Lending Corp. v. Real Estate Depot, Inc., 42 So. 3d 258 (Fla. 4th DCA 2010).

II. Analysis

On appeal, Rozanski contends that Wells Fargo had no legal or equitable basis to foreclose on the equitable lien, although he does not "take issue with the existence of the equitable lien." He argues that Wells Fargo was not entitled to foreclose on the equitable lien because he was never in default on his mortgage.

Equitable liens may be imposed to prevent unjust enrichment. See Palm Bch. Sav. & Loan Ass'n v. Fishbein, 619 So. 2d 267, 270 (Fla. 1993); Tribeca Lending Corp., 42 So. 3d at 262. "[T]he doctrine of equitable subrogation, a twin remedy to the equitable lien, is designed to apply where the claimant satisfied an obligation of another and then stands in the shoes of the satisfied creditor." Tribeca Lending Corp., 42 So. 3d at 262. "As a result of equitable subrogation, the party discharging the debt . . . succeeds to the right and priorities of the original creditor." Dade Cty. Sch. Bd. v. Radio Station WQBA, 731 So. 2d 638, 646 (Fla. 1999).

Because Wells Fargo discharged Rozanski's debt when Kwiatkowski obtained her loan in 2008, Wells Fargo succeeded to the rights and priorities it had as Rozanski's original lender and mortgagee. Therefore, Wells Fargo was entitled to the

equitable lien, which Rozanski does not dispute. However, Wells Fargo was entitled to only the rights and priorities that it had at the time it satisfied Rozanski's mortgage in 2008, and Wells Fargo did not plead or demonstrate below that it had the right to foreclose on Rozanski's mortgage in 2008.

Wells Fargo argues that foreclosure of the equitable lien was proper pursuant to the decision in Fishbein, 619 So. 2d 267. In Fishbein, the husband borrowed $1,200,000, secured by a mortgage on the homestead property, but he forged his wife's signature on the mortgage. Id. at 268. The loan proceeds were used to pay off three prior mortgages on the property in the amount of $930,000. Then the mortgage went into default, and the bank commenced foreclosure proceedings. Id. at 269. The parties divorced, and the wife was awarded the house. The trial court ruled that the mortgage could not be enforced against the house but that the bank was entitled to an equitable lien. The supreme court agreed that the bank was entitled to an equitable lien in the amount of $930,000. Id. at 270-71.

The court reasoned that an equitable lien was appropriate because the wife stood "in no worse position than she stood before the execution of the mortgage," noting that "[w]hen the bank made its loan, one of the prior mortgages was already overdue" and that the parties could not pay the prior mortgages. Id. Wells Fargo relies on the fact that only one of the three prior mortgages was in default in Fishbein as support for its argument "that being in default is not a required element for the . . . foreclosure of the equitable lien." On the other hand, Rozanski argues that the bank could only foreclose on the equitable lien in Fishbein because at least one mortgage was overdue in that case, whereas in this case there was no evidence that Rozanski

was overdue on his mortgage. However, as we read Fishbein, the court did not decide the issue of whether the bank was entitled to *foreclose* on the equitable lien.[1] Rather, the court focused solely on whether the bank was entitled to *imposition* of an equitable lien where the wife claimed a homestead interest and had not engaged in any misconduct herself.

We also note that the facts of this case are distinguishable from Tribeca Lending Corp., 42 So. 3d 258, which the trial court cited in its judgment. The party seeking the imposition and foreclosure of the equitable lien in that case, Tribeca Lending Corp., had paid off a prior mortgage, but that prior mortgage was in default and a foreclosure judgment had been entered. 42 So. 3d at 260-61. Thus, Tribeca Lending Corp. was entitled to foreclose on the equitable lien in the same way the original lender was entitled to foreclose on the mortgage. Here, there was no showing that Rozanski was in default on his mortgage or that Wells Fargo was entitled to foreclose on the mortgage at the time it satisfied Rozanski's debt with the refinancing in 2008. See Brotheridge v. Option One Mortg. Corp., 67 So. 3d 254, 256 (Fla. 2d DCA 2010) (noting that foreclosure of equitable lien would not be proper where debtors were not given an opportunity to make payment on the lien amount and there was no proof of any default by the debtors on their earlier obligations).

Because there was no showing that Rozanski was in default on his mortgage in 2008, the trial court erred in ordering the foreclosure of the equitable lien.

---

[1]The court noted that the trial court had "stayed any foreclosure sale on the equitable lien for six months to permit [the wife] to try to make a private sale of the house." Fishbein, 619 So. 2d at 269. There was no other discussion regarding foreclosure of the equitable lien.

We affirm the imposition of the equitable lien against Rozanski's property, but we reverse the final summary judgment to the extent that it orders foreclosure of that lien.

Affirmed in part, reversed in part, and remanded.


BADALAMENTI and ROTHSTEIN-YOUAKIM, JJ., Concur.